UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

COLONY INSURANCE COMPANY                CIVIL ACTION

VERSUS                                  NO: 09-763

NJC ENTERPRISES d/b/a SUBWAY            SECTION: "A" (3)

## ORDER AND REASONS

Before the Court are four motions: a **Motion for Partial Summary Judgment on the Issue of Coverage (Rec. Doc. 19)** filed by Defendants NJC Enterprises ("NJC"); a **Motion for Summary Judgment (Rec. Doc. 21)** filed by Counter-Defendants Hartford Fire Insurance Company and Nutmeg Insurance Agency, Inc. ("Hartford/Nutmeg"); a **Motion for Summary Judgment (Rec. Doc. 22)** filed by Plaintiff Colony Insurance Company ("Colony"); and a **Motion for Leave to File Amended Answer and Counterclaim (Rec. Doc. 49)** by Defendant NJC. Plaintiff Colony and Counter-Defendants Hartford/Nutmeg oppose the motions filed by Defendant NJC, and NJC opposes the motions filed by Colony and Hartford/Nutmeg. The motions are not set for hearing, and are before the Court on the briefs without oral argument. For the reasons that follow, the motions for summary judgment are DENIED and the motion for leave to file is GRANTED.

## I. BACKGROUND

Plaintiff Colony initially sued Defendant NJC seeking a declaratory judgment by the Court. Colony asserts that a policy of commercial property insurance numbered CF3576690 issued to NJC through Counter-Defendants Hartford/Nutmeg was cancelled for non-payment of premium as of September 24, 2008, and that, having cancelled the policy and issued the appropriate return premium, Colony has no further obligation to the insured under the subject policy. Colony invokes the provisions of Title 28 U.S.C.A. § 2201 for the purpose of declaring and establishing the rights and legal relationships between the parties.

NJC responds with an answer and counterclaim (Rec. Doc. 32), asserting that the cancellation of NJC's policy was not initiated by either Colony or Hartford/Nutmeg until at least September 29, 2008, days after the loss allegedly sustained by NJC occurred. NJC alleges that Colony and Hartford/Nutmeg, either collectively or individually, cancelled NJC's coverage effective September 24, 2008 specifically in order to avoid covering NJC's loss. Colony and Hartford/Nutmeg deny these allegations and assert that the policy in question was validly cancelled on September 24, 2008 due to non-payment of the premium by NJC.

The facts as alleged by the parties are as follows. Defendant NJC operated a Subway franchise restaurant in Baton Rouge, Louisiana from September 2007 until September 25, 2008. NJC sought commercial property insurance through Counter-Defendant Hartford, but Hartford declined to write the requested coverage and referred placement of the coverage to its Alternative Market Placement unit operated through Counter-Defendant Nutmeg. Nutmeg is a

subsidiary of Hartford, and all of its employees are Hartford employees. Nutmeg placed the commercial property coverage for NJC through Gresham, a surplus lines broker. Gresham is not a party to the present action. Through Gresham, the commercial property insurance policy was issued by Colony to NJC.

Hartford/Nutmeg paid Colony the full premium on behalf of NJC, then billed NJC through Hartford's billing system. In connection with the issuance of the Colony policy to NJC, on May 22, 2008, NJC executed a power of attorney agreement which authorized Hartford, through Nutmeg, to advance the premium payment to Colony. The same power of attorney agreement appointed Nutmeg as NJC's attorney in fact, and gave Nutmeg full authority to cancel the Colony policy should NJC fail to pay the amounts due Nutmeg thereon.

On September 9, 2008, Hartford/Nutmeg mailed a letter and a document which it refers to as a "direct notice of cancellation" to NJC at the last known address contained in its records. The letter was accompanied by a document entitled "Notice of Cancellation," also dated September 9, 2008, which reflects that cancellation is due to non-payment of premium and lists the "Effective Date of Notice" as September 24, 2008 at 12:01 a.m. NJC does not dispute that it received this letter and notice, but asserts that they do not constitute a valid notice of cancellation as required by the relevant Louisiana statutes.

According to Defendant, on September 25, 2008, NJC ceased doing business in its operation of the Subway restaurant as a result of a fire which completely destroyed the premises and its contents. NJC alleges that it reported the fire loss to Colony and Hartford/Nutmeg on or about September 29, 2008. NJC further asserts that it had not received any correspondence from

Colony regarding cancellation as of this date.

Colony has since denied coverage for the alleged fire loss sustained by NJC on September 25, 2008. Colony and Hartford/Nutmeg both assert that the insurance policy was cancelled effective September 24, 2008 based on non-payment of premium.

## II. STANDARD

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant," show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id., citing Anderson*, 477 U.S. at 248. The court must draw all justifiable inferences in favor of the non-moving party. *Id., citing Anderson*, 477 U.S. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id., citing* Fed. R. Civ. Proc. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993), *citing Anderson*, 477 U.S. at 250.

**III. <u>DISCUSSION</u>**

The central dispute in this case concerns the date of the policy cancellation. According to Colony and Hartford/Nutmeg, NJC's policy was cancelled effective September 24, 2008, the day before the alleged fire loss, due to non-payment of the premium by NJC. NJC asserts that its policy was, in fact, still in effect on September 25, 2008 and that it should be able to file a claim based on its losses.

However, each party asserts that a different statute applies to the situation at hand. Colony cites La. R.S. 9:3550, which applies to persons engaged in the business of financing insurance premiums for consumers entering into premium finance agreements. Under 9:3550, once an insurer has mailed any unearned premium and commission to the insurance premium finance company following valid cancellation of a policy, said insurer is fully discharged from all liability under the insurance contract for any loss occurring subsequent to the effective date of cancellation. However, Hartford/Nutmeg has established that it is not an insurance premium finance company; therefore, the provisions of 9:3550 do not apply to the present case.

Hartford/Nutmeg relies upon La. R.S. 22:885 in its motion for summary judgment. 22:885 deals with cancellation of insurance policies by the insured. It states that cancellation by the insured may be effected by written notice thereof to the insurer and surrender of the policy or binder for cancellation prior to or on the effective date of such cancellation. Hartford/Nutmeg asserts that it validly requested cancellation of NJC's policy pursuant to the power of attorney agreement signed by NJC. The Court agrees with Hartford/Nutmeg's reading of the statute in that it empowers an agent with power of attorney to cancel an insurance policy under certain

conditions. However, it is not clear whether Hartford/Nutmeg fulfilled the statutory requirement of submitting the policy to Colony for cancellation *prior to or on the effective date of cancellation*. It appears from the record that Hartford/Nutmeg first notified Colony of the cancellation of the policy on or about September 29, 2008, several days after September 24, 2008, the alleged effective date of the cancellation of NJC's policy.

The Court finds that granting Hartford/Nutmeg's motion would be inappropriate in light of the factual questions regarding Hartford/Nutmeg's compliance with the above statutory requirement, as well as questions regarding the validity of the cancellation of NJC's policy. As discussed further below, NJC argues that the direct notice of cancellation dated September 9, 2008 was not a "cancellation" under the terms of the applicable statutes, but was merely a request for payment. If this is the case, then the Colony policy at issue would not have been effectively cancelled until October 2, 2008, when Hartford/Nutmeg requested that Colony cancel the policy based on its power of attorney.

The Court further finds that it would be inappropriate to grant NJC's motion for partial summary judgment for the following reasons. NJC asserts that its insurance policy was not properly cancelled until October 2, 2008 because any earlier cancellation was suspended by the operation of Emergency Rule 24. Emergency Rule 24 was issued in August 2008 by James L. Donelon, Commissioner of Insurance, in order to protect insured inhabitants of parishes affected by Hurricane Gustav. The rule applied to all types of insurance, and, *inter alia*, temporarily suspended the ability of any insurer to issue notices of cancellation.

However, §4401(B) of Emergency Rule 24 specifically states that the benefits,

6

entitlements, and protections of the rule shall be applicable only to insureds who reside in specific enumerated parishes and who also submit written documentation to their insurer which demonstrates that they were impacted by Hurricane Gustav. NJC has presented no evidence that it meets the written documentation requirements of this section; therefore, it seems that Emergency Rule 24 is inapplicable to the case at hand.

In the alternative, NJC argues that even if Emergency Rule 24 does not apply, NJC's insurance was still in effect as of the date of the alleged fire loss because the policy was not validly cancelled at that time. NJC argues that the letter and document sent to NJC by Hartford/Nutmeg and dated September 9, 2008 did not provide valid notice of cancellation as required by statute.

The letter in question reads, "The Hartford has initiated cancellation for non-payment of premium on **09/24/08**." (Emphasis in original) "However, because we believe you may want to maintain this important protection, we are offering to reinstate your coverage as of the cancellation effective date if we receive your premium payment...before 09/24/08." "If we receive your payment before this date, we will rescind this cancellation, reinstate your policy and continue your coverage without interruption."

Hartford/Nutmeg argues that, as of September 9, 2008, NJC's premiums were long overdue and it had breached its contract. Hartford/Nutmeg argues that the language of the letter, such as the use of the words "reinstate" and "rescind," clearly indicates that the cancellation is not pending but *a fait accompli*. It characterizes the letter and document as "a statement of breach of contract, based on overdue payment, resulting in a cancellation of a policy of insurance

pursuant to a valid and legally binding Power of Attorney."

NJC argues that the alleged notice of cancellation was actually a request for payment of premium, and that it therefore does not meet statutory notification requirements. Like Hartford/Nutmeg, NJC points to the language of the letter, highlighting the fact that Hartford/Nutmeg says that it has "initiated cancellation," not that the policy is in fact cancelled.

The significance of the September 9, 2008 correspondence is further complicated by the fact that NJC subsequently received a letter from Hartford/Nutmeg, dated October 2, 2008, which advises NJC that NJC had "asked The Hartford to cancel the...policy effective 09/24/08." The letter states that NJC must complete the attached Cancellation/Policy Release Form so that Hartford will be able to cancel the policy. The document states that "until [Hartford] receive[s] the signed document, your policy will remain in force and premium will be charged."

NJC asserts that it never requested cancellation of its policy as stated in the above letter. A Hartford representative testified in a deposition that the letter was automatically generated and was sent in error. According to Hartford/Nutmeg, because it already had power of attorney to cancel the policy on behalf of NJC due to non-payment, it was not necessary for NJC to sign a Cancellation of Release form in order to cancel the policy. The records provided by Hartford/Nutmeg demonstrate that, as of October 2, 2008, the cancellation document had already been signed by an employee of Nutmeg as attorney in fact. However, the issuance of the erroneous letter may have served to confuse the insured as to the status of his policy. The Court finds that the parties' dispute over the meaning of the September 9, 2008 letter and document, as well as the potential confusion created by the letter dated October 2, 2008, creates a genuine

issue of material fact that renders the pending motions for summary judgment insupportable.

The parties' disagreement over whether Colony was required to provide notice of cancellation to NJC creates an additional factual issue defeating summary judgment. NJC asserts that, under Louisiana law and the terms of Colony's policy, Colony was required to provide such notice. A section of the policy titled "Cancellation Endorsement" states that Colony "may cancel this policy by mailing or delivering to the first-named insured written notice of cancellation at least 10 days before the effective date of cancellation." The policy further states that non-payment of premium or failure to pay a premium when due are valid reasons for cancellation. Colony denies that it was under any obligation to notify NJC of the cancellation of its policy.

In addition, NJC alleges that La. R.S. 22:887 requires Colony, as the insurer, to send NJC, the insured, notice of any policy cancellation. 22:887 applies to cancellation by the insurer, and 22:887(A)(5) states that "any policy may be cancelled **by the company** at any time during the policy period for failure to pay any premium when due whether such premium is payable directly to the company or its agent or indirectly under a premium finance plan or extension of credit, by mailing or delivering to the insured written notice stating when, not less than ten days thereafter, such cancellation shall be effective." (Emphasis added)

NJC argues that 22:887 creates a duty on the part of the insurer to notify the insured of a cancellation, in writing, at least ten days before the effective date of the cancellation. However, the language of the statute is ambiguous; it is unclear whether the law creates a requirement or merely permits an action on the part of the insurer. The Court has been unable to locate case law

9

on the issue, and finds that the ambiguity of the statute creates a genuine issue of material fact which defeats Colony and NJC's respective motions for summary judgment.

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion for Partial Summary Judgment on the Issue of Coverage (Rec. Doc. 19)** filed by Defendants NJC Enterprises ("NJC"), the **Motion for Summary Judgment (Rec. Doc. 21)** filed by Counter-Defendants Hartford Fire Insurance Company and Nutmeg Insurance Agency, Inc. ("Hartford," "Nutmeg"), and the **Motion for Summary Judgment (Rec. Doc. 22)** filed by Plaintiff Colony Insurance Company ("Colony") are **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Leave to File Amended Answer and Counterclaim (Rec. Doc. 49)** by Defendant NJC is **GRANTED.**

This 7th day of November 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE