UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

COLONY INSURANCE COMPANY                          CIVIL ACTION

VERSUS                                            NO. 09-763

NJC ENTERPRISES, L.L.C. d/b/a SUBWAY              SECTION  "A" (3)

ORDER

On March 13, 2013, the Motion to Compel [Doc. #177] came on for oral hearing before the

undersigned.  Present were Joseph Spilman on behalf of plaintiff Colony Insurance Company

("Colony"), Stephen Cronin on behalf of defendant NJC Enterprises, L.L.C. ("NJC"), and John

Person on behalf of Hartford Fire Insurance Company and Nutmeg Insurance Agency, Inc.  After

the oral hearing, the Court took the motion under advisement.  Having reviewed the motion, the

opposition and the case law, the Court rules as follows.

I.      Background

The complaint alleges as follows.  Colony filed this lawsuit seeking a declaratory judgment

that a certain policy of insurance issued by Colony to NJC was effectively canceled before the date

of a fire loss that forms the basis of an insurance claim by NJC.  NJC filed a counterclaim against

Colony, Hartford and Nutmeg, asserting that Hartford and Nutmeg conspired with Colony to effect

a retroactive cancellation of the policy issued to NJC by Colony after the fire loss occurred.

In connection with the issuance of the Colony policy to NJC, NJC executed a Power of

Attorney Agreement that authorized Hartford through Nutmeg to advance the premium payment to Colony.  This same Power of Attorney Agreement appointed Hartford/Nutmeg as NJC's attorney in fact, with full authority to cancel the Colony policy should NJC fail to pay the amounts due Hartford/Nutmeg. Hartford/Nutmeg paid the full premium on behalf of NJC and billed NJC.

Hartford initiated cancellation of the Colony policy for nonpayment on September 9, 2008, sending a Direct Notice of Cancellation ("DNOC") letter to NJC, in which it advised NJC that the commercial property policy issued by Colony would be cancelled for nonpayment effective September 24, 2008 unless the premium due of $1,603.16 was paid by that date. Hartford mailed the DNOC letter on September 9, 2008 (16 days before the fire loss) to the address provided by NJC. No payment was made by NJC by September 24, 2008. The policy was cancelled at Hartford/Nutmeg's request, effective September 24, 2008, pursuant to the Power of Attorney Agreement previously signed by NJC.  NJC alleges the fire loss one day later, on September 25, 2008.

## II.     The Parties' Contentions

### A.     NJC's Motion to Compel

On January 30, 2013, this Court heard Colony's motion for a protective order and ordered Colony to produce all privileged documents to the Court for *in camera* inspection.  Citing case law from this Court, NJC argues that Colony's privilege log does not meet the standards set forth in this Court's *Taylor Energy* opinion.  *See Taylor Energy Co., L.L.C. v. Underwriters at Lloyd's London Subscribing to Ins. Coverage Evidence by Policy No. HJ109303*, Civ. A. No. 09-6383, 2010 WL 3952208 (E.D. La. Oct. 7, 2010).  NJC alleges that Colony has asserted no claim for attorney-client privilege.

2

Comparing the produced documents to the privilege log, NJC argues that after it requested a copy of the Colony insurance policy, the documents reflect that there were internal communications between representatives (but not counsel) of Colony and representatives of Gresham & Associates, Inc. ("Gresham"), Colony's surplus lines broker, as well as internal discussions amongst Gresham personnel (Log Nos. 3 through 8). Because these communications address the production of the insurance policy, premium bills and notices of cancellation, NJC argues that the communications occurred in the ordinary scope of business and not in anticipation of litigation. NJC thus contends that the work-produce privilege is inapplicable here. In addition, NJC argues that the internal communications amongst Gresham personnel are separate from Colony and absent any attorney.

NJC further argues that Log Nos. 9 and 10 are communications between Colony and Gresham in response to NJC's request for a certified copy of the policy to Gresham. As such, NJC argues that the communications also occurred in the ordinary course of business.

Lastly, NJC argues that if the Court finds the documents privileged, it has substantial need for them and is unable to obtain substantially equivalent information without undue hardship.

### B.    Colony's Opposition

Colony notes that its privilege log, coupled with the correspondence that describes the documents in detail, are sufficient under *Taylor Energy*. Colony argues that NJC fails to point to any particulars as to what renders Colony's descriptions deficient under *Taylor Energy*.[1]

### C.    NJC's Reply

---

[1]    The remainder of Colony's memorandum in opposition addresses alleged misrepresentations of fact in NJC's memorandum in support and does not bear on the issue of privilege.

NJC contends that Colony asserted its privilege claims in its correspondence to the Court and not in its privilege log.  NJC maintains that Colony has still failed to provide a description of the "general subject matter" of the documents, nor the number of pages for each document.

NJC contends that on June 29, 2010, Colony produced to it – in response to a subpoena *duces tecum* – the e-mails dated March 22, 2009 and March 23, 2009 between Gresham and Colony (Log Nos. 9 and 10).  Colony invoked no privilege at that time.  Colony now asserts a privilege with regard to these documents.[2]

## III.    Law and Analysis

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure.  *Conoco v. Boh Bros. Constr. Co.*, 191 F.R.D. 107, 117-18 (W.D. La. 1998).  This doctrine protects from discovery documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators, in anticipation of litigation.  *Id.* at 118; *see also Hickman v. Taylor*, 67 S. Ct. 385, 393-94 (1947).  The work-product doctrine does not protect materials assembled in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes.  *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 984 (4th Cir. 1992);  *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997) (citing *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982).   The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation.  *Boh Bros.*, 119 F.R.D. at 117;  *In Re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 280 (S.D.N.Y., 1995).

---

[2]    The remainder of NJC's reply addresses Colony' alleged misrepresentation to the Court as to the true and correct Colony insurance policy and does not address privilege.

4

The threshold determination that the court must make is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *Upjohn Co. v. United States*, 101 S .Ct. 677 (1981); *Caremark, Inc. v. Affiliated Computer Sys., Inc* ., 195 F.R.D. 610, 614 (N.D. Ill. 2000).   The Fifth Circuit has indicated that a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981).  To determine the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that type of document or whether the document was instead prepared in response to a particular circumstance." *Elec. Data Sys. Corp. v. Steingraber*, 2003 WL 21653414, *5 (E.D. Tex. 2003) (citing *Piatkowski v. Abdon Callais Offshore, LLC*, 2000 WL 1145825, *2 (E.D. La. 2000).  "The involvement of an attorney is not dispositive of the 'in anticipation of litigation' issue.  Nevertheless, involvement of an attorney is a highly relevant factor . . . making materials more likely to have been prepared in anticipation of litigation." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000).

NJC does not challenge that Log Nos. 1 and 2 and 11 are privileged.  NJC challenges the application of the work-product privilege only with regard to Log Nos. 3 through 10.  The Court's *in camera* review of the record reveals that the materials were prepared in anticipation of litigation. Indeed, the majority of the documents reflect that they were created only after counsel for NJC had contacted Gresham and/or Colony with regard to the alleged fire loss.  These materials were assembled and created in anticipation of a lawsuit by NJC.  That counsel for Colony did not

participate in all of the communications is of no moment as the work-product doctrine applies to documents prepared in anticipation of litigation by a party's agent, as Gresham is. *See* Fed. R. Civ. P. 26(b)(3)(A) (noting that the work-product doctrine applies to documents prepared in anticipation of litigation by a party's representative including that party's attorney, consultant, surety, indemnitor, insurer or agent).   And the Court further finds that Colony' privilege log coupled with the correspondence sent to the Court and opposing counsel satisfy the requirements of *Taylor Energy*.

## IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion to Compel [Doc. #177] is DENIED.

New Orleans, Louisiana, this 1st day of April, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

6